**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4083

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEROME MAURICE GORDON, a/k/a Lance Fitzgerald
Stewart, a/k/a Richie, a/k/a Michael Anthony
Martin, a/k/a Julian Hugh Martin,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Peter J. Messitte, District Judge. (CR-
00-253-PJM)

Argued: November 30, 2005                Decided: March 16, 2006

Before WIDENER and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished
opinion. Senior Judge Hamilton wrote the opinion, in which Judge
Widener joined. Judge Gregory wrote a separate opinion concurring
in part and dissenting in part.

**ARGUED:** Thomas Harold Ostrander, Bradenton, Florida, for Appellant.
Steven M. Dunne, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON
BRIEF:** Harvey Greenberg, Towson, Maryland, for Appellant. Thomas
M. DiBiagio, United States Attorney, Mythili Raman, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

HAMILTON, Senior Circuit Judge:

Gerome Gordon pled guilty to one count of conspiracy to distribute and to possess with intent to distribute 1000 or more kilograms of marijuana, 21 U.S.C. §§ 841(b)(1)(a)(vii) and 846, and was sentenced to 188 months' imprisonment. For the reasons stated below, we affirm Gordon's conviction but vacate his sentence and remand the case for resentencing.

I

On March 11, 2002, a federal grand jury returned a second superseding indictment charging Gordon and four others with conspiracy to distribute and to possess with intent to distribute 1000 or more kilograms of marijuana in "the District of Maryland, the Southern District of California, the Central District of California, . . . and elsewhere," (J.A. 18), in violation of 21 U.S.C. §§ 841(b)(1)(a)(vii) and 846. On July 31, 2002, approximately two weeks before his trial was scheduled to begin, Gordon, without a plea agreement with the government, pled guilty to the one-count second superseding indictment.

At the plea hearing, the district court asked various questions of Gordon to ensure that he understood what was happening, was not under the influence of alcohol or drugs, and was not under the care of any mental health professional, psychiatrist, or psychologist. The court also asked Gordon whether he understood

3

that the charge to which he was pleading guilty was conspiracy to distribute and to possess with intent to distribute 1000 or more kilograms of marijuana. Gordon acknowledged that he understood the charge and repeatedly stated that he wished to plead guilty to the charge.

During the plea hearing, the government made a factual proffer. Gordon admitted to most of the factual proffer, but denied the existence of certain facts. However, Gordon did admit, among other things, that during the charged conspiracy: (1) he "along with his co-defendants, coordinated the transportation of over a thousand kilograms of marijuana from California to various points along the east coast, including Maryland," (J.A. 106-07); (2) he gave marijuana to persons who used trucking companies for the transportation of marijuana; (3) he had told a cooperating defendant that he had on several occasions moved marijuana from San Diego to a storage facility in Fontana, California, where the marijuana was loaded into trucks for transportation; (4) he participated directly in the sale and transportation of marijuana; and (5) on numerous times he was captured engaging in recorded conversations during which he spoke about the transportation of marijuana. Following the government's factual proffer, Gordon stated that his decision to plead guilty was "voluntary," that nobody had threatened or coerced him to plead guilty, and that he was "pleading guilty because [he was] guilty in this case." (J.A.

4

116-17). Thereafter, the district court accepted Gordon's plea and found him guilty of the charged offense.

Gordon was sentenced on January 3, 2003. During the sentencing hearing, Gordon contended that he was accountable for approximately 315 kilograms of marijuana, which would have placed him at a base offense level of 26 under the United States Sentencing Guidelines.[1] The district court rejected this contention, finding that Gordon was responsible for at least 1000 kilograms of marijuana, which placed Gordon at a base offense level of 32. The court relied on Gordon's admission at the plea colloquy that he, along with his codefendants, coordinated the transportation of 1000 kilograms of marijuana from California to Maryland. Alternatively, the court concluded that the extensive evidence of marijuana trafficking produced at the sentencing hearing supported the finding, by a preponderance of the evidence, that Gordon was accountable for 1000 kilograms of marijuana for sentencing purposes.

The district court also applied, over Gordon's objections, a two-level enhancement for possession of a firearm, USSG § 2D1.1(b)(1), a two-level enhancement for being an organizer, manager, or leader of a criminal activity, USSG § 3B1.1(c), and a

---

[1]Notably, Gordon never moved to withdraw his guilty plea to conspiracy to distribute and to possess with intent to distribute 1000 or more kilograms of marijuana, 21 U.S.C. §§ 841(b)(1)(a)(vii) and 846.

two-level enhancement for obstruction of justice, USSG § 3C1.1. After applying a two-level reduction for acceptance of responsibility, USSG § 3E1.1(a), the court set Gordon's offense level at 36, resulting in a sentencing range of 188 to 235 months' imprisonment.[2]  Gordon was sentenced to 188 months' imprisonment and, thereafter, noted a timely appeal.


II

Gordon argues that the sentence imposed upon him by the district court violated his Sixth Amendment rights.  Because Gordon failed to raise this issue in the district court, we review for plain error.  United States v. Harp, 406 F.3d 242, 247 (4th Cir. 2005).  To establish plain error, Gordon must show that an error occurred, that the error was plain, and that the error affected his substantial rights.  United States v. Olano, 507 U.S. 725, 732 (1993); United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). If Gordon establishes these requirements, we may exercise our discretion to notice the error "only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  United States v. Hughes, 401 F.3d 540, 555 (4th Cir. 2005) (citation and internal quotation marks omitted).  To establish that a Sixth

---

[2]Gordon's criminal history category was I.

Amendment error occurred in his sentencing, Gordon must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts that he admitted. <u>United States v. Evans</u>, 416 F.3d 298, 300-01 (4th Cir. 2005); <u>see also</u> <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005) (Stevens, J., opinion of the Court) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

In this case, Gordon admitted during the plea colloquy that he, along with his codefendants, coordinated the transportation of 1000 or more kilograms of marijuana from California to Maryland. However, at no time during either the plea colloquy or at the sentencing hearing did Gordon admit that he possessed a firearm, was an organizer, manager, or leader of a criminal activity, or that he obstructed justice. Based on Gordon's admission that he coordinated the transportation of 1000 or more kilograms of marijuana, his maximum offense level was 32.[3] Based on an offense

---

[3]Gordon argues that his admission that he, along with his codefendants, coordinated the transportation of 1000 or more kilograms of marijuana was only an admission that he and his codefendants transported marijuana, and that at other times his codefendants transported marijuana without his participation, and that in the aggregate the quantity shipped both with and without his participation exceeded 1000 kilograms. We reject this argument for the same reason the district court did. The most natural reading of Gordon's admission is that Gordon himself, with the

level of 32 and a criminal history category of I, Gordon's sentencing range would have been 121 to 151 months' imprisonment.[4] Because Gordon's 188 month sentence exceeds the maximum authorized by the facts he admitted, a Sixth Amendment error occurred. Evans, 416 F.3d at 300-01. Under our decision in Hughes, we must notice this plain error. Hughes, 401 F.3d at 555-56 (concluding error was plain and warranted reversal where district court imposed sentence

---

assistance of his codefendants, coordinated the transportation of 1000 kilograms or more of marijuana from California to Maryland. Thus, Gordon's admission went well beyond a mere admission that he knowingly and willfully agreed to participate in the charged conspiracy and committed an overt act in furtherance of the conspiracy. Cf. North Carolina v. Alford, 400 U.S. 25, 32 (1970) ("Ordinarily a judgment of conviction resting on a plea of guilty is justified by the defendant's admission that he committed the crime charged against him and his consent that judgment be entered without a trial of any kind."). His admission contained an express statement that during the charged conspiracy he coordinated the transportation of 1000 kilograms or more of marijuana. Unquestionably, Gordon's factual admission authorized the court to set his base offense level at 32. Evans, 416 F.3d at 300-01 (holding that, if sentence does not exceed maximum authorized by facts admitted by defendant or found beyond a reasonable doubt, there is no Sixth Amendment violation).

[4]For purposes of determining whether the district court erred, we use Gordon's sentencing range based on the facts he admitted before adjusting that range for acceptance of responsibility. Evans, 416 F.3d at 300 n.4. As noted in Evans, acceptance of responsibility "is not a fact that is alleged in an indictment or presented to the jury." Id. "Neither is it a fact that the defendant can admit. Instead, a district court may grant acceptance of responsibility only after making findings of fact based on several considerations--only one of which is whether the defendant admitted his guilt." Id. We note that Gordon challenges the district court's decision to deny him an additional one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b). We have reviewed this challenge and conclude that the district court correctly found that Gordon did not timely notify the government of his intention to plead guilty.

8

under mandatory Guidelines based on judicial factfinding, increasing sentencing range beyond that which could have been imposed on the basis of facts found by jury or admitted by defendant).[5]

## III

Gordon raises several additional arguments that he contends should be resolved in his favor. We have reviewed each of these arguments and find them to be without merit. Accordingly, for the reasons stated herein, we affirm Gordon's conviction but vacate his sentence and remand the case for resentencing. On remand, the district court need not revisit any issue concerning drug quantity.[6]

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

[5]As in <u>Hughes</u>, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of [Gordon's] sentencing." 401 F.3d at 545 n.4.

[6]Gordon has filed three motions to file supplemental briefs and a motion to have the government at its expense produce a portion of a trial transcript from a related case. The court denies these motions.

GREGORY, Circuit Judge, concurring in part and dissenting in part:

Although I concur with the reasoning and result of the majority opinion in all other respects, I respectfully disagree with its conclusion that Gordon admitted the quantity of marijuana attributable to him during his plea hearing. Therefore, I believe that the judicial quantity finding created a Sixth Amendment error in Gordon's sentence in addition to the enhancements discussed by the majority. As a result, I would vacate Gordon's sentence on this basis as well, leaving quantity open to challenge upon remand.

As an initial matter, I note that although the indictment charged that the marijuana conspiracy involved more than 1000 kilograms, Gordon's plea of guilty to that charge did not alone establish the quantity attributable to him for sentencing purposes. Under the Guidelines, different participants in a drug conspiracy may be held accountable for different amounts. USSG § 1B1.3 & cmt. n.2 (discussing the determination of a defendant's relevant conduct arising from jointly undertaken criminal activity and providing that a defendant is responsible for the conduct of others that is "in furtherance of the jointly undertaken criminal activity" and "reasonably foreseeable in connection with that criminal activity"). Therefore, when an indictment attributes a quantity to a conspiracy as a whole, but does not ascribe an amount to a particular defendant, we have held that the defendant's plea of guilty to that charge does not set the defendant's responsibility

10

at that amount for sentencing. United States v. Gilliam, 987 F.2d 1009 (4th Cir. 1993) (vacating sentence based upon the 30 kilograms of cocaine charged in the conspiracy indictment where the indictment did not specify that that quantity was attributable to the defendant and remanding for the district court to make a finding in that regard).

In the present case, Gordon pleaded guilty to a generally worded indictment that attributed 1000 kilograms of marijuana to the conspiracy as a whole. Gordon argues that he did not admit that any more than 315 kilograms was attributable to him. This quantity corresponds to an offense level of 26 and, in conjunction with Gordon's criminal history category of I, establishes a sentencing range of 63 to 78 months' imprisonment. Therefore, the use of the judge's finding that at least 1000 kilograms were attributable to him in imposing a 188-month sentence would establish plain error under the Sixth Amendment just as the other enhancements do. See United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005); United States v. Hughes, 401 F.3d 540, 555 (4th Cir. 2005). See also United States v. Collins, 415 F.3d 304, 311-14 (4th Cir. 2005) (holding that it was a Sixth Amendment error under Apprendi v. New Jersey, 530 U.S. 466 (2000), for defendant, convicted of conspiracy to distribute 50 or more grams of cocaine base, to be sentenced to the statutory minimum sentence for 50 or

11

more grams of cocaine base without a jury finding that amount attributable to him).

The majority rejects this argument, concluding that Gordon did admit responsibility for 1000 or more kilograms of marijuana in his plea hearing. It therefore finds no Sixth Amendment error with respect to this aspect of his sentence and directs the district court that it need not readdress the quantity dispute upon remand. The majority relies upon Gordon's admission that he, "along with his co-defendants, coordinated the transportation of over a thousand kilograms of marijuana from California to various points along the east coast, including Maryland." J.A. 106-07 (emphasis added). It reasons that the most natural interpretation of this language is that Gordon was admitting his personal responsibility for the 1000-kilogram figure. I cannot agree.

On its face, the language of Gordon's admission does not separate out Gordon's conduct from that of his codefendants. The majority's reading notwithstanding, I believe that Gordon supplies the more natural reading--that in aggregate, the amounts that Gordon coordinated and the amounts that others coordinated without his involvement totaled in excess of 1000 kilograms.

At oral argument, the government agreed that the indictment was not so specific as to attribute an amount to Gordon, yet argued that the language of Gordon's admission was more precise. I do not accept this distinction. The indictment charges that Gordon and

12

his codefendants "did knowingly combine, conspire, confederate and agree with one another . . . to distribute and possess with intent to distribute more than 1000 kilograms of marijuana." J.A. 18-19. At his plea hearing, Gordon admitted that he, "along with his co-defendants, coordinated the transportation of over a thousand kilograms of marijuana." J.A. 106-07. The admission specifies the conduct involved (coordinating), but it goes no further toward distinguishing Gordon's amount from that attributable to the conspiracy as a whole. Thus, the admission can hardly be described as more precise than the charge in the indictment. Indeed, they are virtually indistinguishable.

Moreover, putting the plea hearing admission in context only confirms that Gordon was not admitting to the 1000 kilograms. Gordon's plea was atypical in that he and the government never entered into a plea agreement or otherwise stipulated to the relevant facts. Rather, throughout the proceedings below, including during his plea hearing, Gordon disputed the government's allegations of the extent of his responsibility. Ultimately, when he decided to plead guilty, Gordon was "prepared to admit his guilt as to the conspiracy," but not "everything the government says he did." J.A. 94. The government understood that Gordon would not admit to all of its allegations and particularly the quantity issue. On two separate occasions during the hearing, the

13

government counsel informed the district court that the quantity involved could be open to challenge at the sentencing hearing.

Finding itself without agreed-upon facts, the district court ultimately decided to determine the factual basis for Gordon's plea through a proffer by the government. Under this process, the government would read its proposed statement of facts sentence by sentence, and Gordon would admit or deny each one. From the instructions of the court, Gordon was aware that he needed to admit sufficient facts through the proffer for the district court to support his plea to the conspiracy charge. Therefore, it is no surprise that when presented with a generally worded statement, the language of which echoed the language of the charge, Gordon admitted to "coordinat[ing] the transportation" of marijuana as part of his plea. When the allegations became more specific as to quantities, Gordon admitted certain facts, but denied others. The amounts that Gordon admitted fall short of 1000 kilograms.

Finally, the district judge's own comment after the factual proffer that "basically everything is on the table" for Gordon's sentencing suggests that, at the time, even he did not understand Gordon's admission to have resolved the quantity issue. J.A. 121. Indeed, at sentencing, the district court effectively treated quantity as unresolved, allowing extensive evidence from both sides directed at the amount to be attributed to Gordon. The district court then made a finding that more than 1000 kilograms were

14

attributable to Gordon by a preponderance of the evidence and imposed a sentence based upon that quantity and additional judge-found facts. Just as the use of the other enhancements violated Gordon's Sixth Amendment rights, so did the use of the quantity finding. See Evans, 416 F.3d at 300.

Thus, in light of the general wording of the admission and the circumstances surrounding it, I do not agree that Gordon admitted the fact that over 1000 kilograms of marijuana was attributable to him. Therefore, I would find a Sixth Amendment error on this basis as well and leave this issue open to challenge before the district court upon resentencing.